RUSSELL MANAGEMENT, INC. *vs.* NANTUCKET CONSERVATION FOUNDATION, INC. September 19, 1975. This is a petition to the Land Court for the acceptance and filing of a plan of subdivision of a parcel of previously registered land. G. L. c. 185, § 1(a); G. L. c. 41, § 81 FF. The petition and plan were accompanied by two certificates issued by the clerk of the town of Nantucket pursuant to G. L. c. 41, § 81P, one of which succinctly attested, among other things, that according to the records in the office of the town clerk the plan had been submitted to the planning board for endorsement that approval under the Subdivision Control Law was not required; that more than fourteen days had passed without notice of any action by the planning board having been filed with the clerk; and that by reason of the planning board's failure to file any such notice the plan was deemed not to require approval under the Subdivision Control Law. The sole appellant, an owner of abutting land, filed an answer which contradicted the statements contained in the town clerk's certificate summarized above but did not seek to have the certificate expunged. See *Bloom* v. *Planning Board of Brookline,* 346 Mass. 278, 283 (1963). The petitioner then moved for judgment on the pleadings, and the motion was allowed.

There was no error. The certificate of the town clerk met all of the requirements of G. L. c. 41, § 81P. "The contents of any such . . . certificate by the clerk of the city or town shall be final and conclusive on all parties . . .." G. L. c. 41, § 81X. Thus the statements in the answer contradicting those in the certificate were immaterial, and, as no triable issue of fact was raised by the answer there was no error in the judge's refusal to conduct an evidentiary hearing.

*Decision affirmed.*

The case was submitted on briefs.
*Eugene L. Tougas* for the petitioner.
*Peter G. Marino* for the respondent.